UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SWARTZ & BROUGH, INC., and ANDREW M. SWARTZ<br>    Plaintiff,<br><br>v.<br><br>CHARTIS SPECIALTY INSURANCE CO.; and DOES 1 through 10, inclusive<br><br>    Defendant. | Civil Case No. __ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Comes now, Plaintiffs Swartz & Brough, Inc. and Andrew M. Swartz, by its undersigned counsel, and states and alleges the following:

### I.

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court under 28 U.S.C. 1332, because it is a civil action involving a sum in excess of $75,000 and complete diversity exists between the parties.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this judicial district.

### II.

### PARTIES

3. Plaintiff Swartz & Brough, Inc. (hereafter, "S&B") is a Texas corporation with its principal place of business at 14801 Quorum Drive, Suite 170, Dallas, Texas 75254.

4. Plaintiff Andrew M. Swartz (hereafter, "Mr. Swartz") is an individual resident of Texas who may be served with process at his place of business located at 14801 Quorum Drive, Suite 170, Dallas, Texas 75254.

5. Plaintiffs S&B and Mr. Swartz are collectively referred to as "SBI".

1

6. SBI is informed and believes, and thereon alleges, that defendant Chartis Specialty Insurance Company ("Chartis") is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York, New York, and conducts business within the State of Texas.

7. The true names and capacities of defendants named as DOES 1 through 10, inclusive, and the respective obligations of those defendants to S&B, are unknown to S&B at this time, which therefore sues said defendants by such fictitious names. S&B is informed and believes and on that basis alleges that at all times herein mentioned, each and every fictitiously named defendant is legally responsible in some manner for the events and damages described herein. S&B will seek leave of Court to amend this Complaint to show their true names and capacities when the same are ascertained.

8. SBI is informed and believes and on that basis alleges that at all times herein mentioned, defendants named as DOES 1 through 10, inclusive, and each of them, was acting as the representative, agent, broker, partner, joint venturer and/or employee of each of its co-defendants, and in doing the things hereinafter mentioned, was acting within the scope of its authority as such representative, agent, broker, partner, joint venturer and/or employee, with the full knowledge, permission, and consent, either express or implied, of each of the remaining defendants.

### III.

### NATURE OF THIS ACTION

9. This is an insurance coverage action brought by SBI against Chartis seeking declaratory relief, compensatory and consequential damages, statutory damages including treble damages, and other relief permitted by law.

10. Chartis has refused to affirm coverage, deny coverage, submit a reservation of rights on the matter, or pay S&B's loss for the claims asserted against S&B and its chief executive, Mr. Andrew Swartz which are covered by insurance policies sold by Chartis to S&B.

11. Instead, in violation of Texas law, S&B has been wrongly forced to bear the expense of defending itself and Mr. Swartz against claims covered by the policies sold to S&B by Chartis.

## IV.

## THE POLICIES

12. S&B purchased a Financial Institutions Risk Protector insurance policy from Chartis[1] bearing the Policy Number 01-233-81-76 for claims made during the Policy Period between September 16, 2009 and September 16, 2010 for wrongful acts alleged against S&B and its Individual Insureds (hereafter, the "2009 Policy"). Attached as Exhibit A is a true and correct copy of the 2009 Policy.

13. S&B purchased a Financial Institutions Risk Protector insurance policy from Chartis bearing the Policy Number 01-146-62-59 for claims made during the Policy Period between September 16, 2010 and September 16, 2011 for wrongful acts alleged against S&B and its Individual Insureds (hereafter, the "2010 Policy"). Attached as Exhibit B is a true and correct copy of the 2010 Policy.

14. S&B purchased a Financial Institutions Risk Protector insurance policy from Chartis bearing the Policy Number 01-150-28-65 for claims made during the Policy Period between September 16, 2011 and September 16, 2012 for wrongful acts alleged against S&B and its Individual Insureds (hereafter, the "2011 Policy"). Attached as Exhibit C is a true and correct copy of the 2011 Policy.

15. The 2009 Policy, the 2010 Policy, and the 2011 Policy are collectively referred to as the "Policies".

16. The Policies provides for a $1 million limit of liability under its "D&O and Private Company" Liability Coverage Section (the "D&O Coverage Section"), and includes a $25,000 self-insured retention ("SIR").

---

[1] At the time, American International Group.

17. Coverage B of the D&O Coverage Section of the Policies provide that:

> This policy shall pay the **Loss** of the **Company** arising from a:
>
> (i) **Claim** first made against the **Company**, or
>
> (ii) **Claim** first made against an **Individual Insured**,
>
> during the **Policy Period** or the **Discovery Period** (if applicable) and reported to the **Insurer** pursuant to the terms of this policy for any **Wrongful Act,** but, in the case of (ii) above, only when and to the extent that the Company has indemnified the **Individual Insured** for such **Loss.** The **Insurer** shall, in accordance with Clause 5 of this **Coverage Section**, advance **Defense Costs** of such **Claim** prior to its final disposition.

18. "**Wrongful Acts**" are defined under the Policies to include:

> [A]ny actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act:
>
> (1) with respect to any **Director** or **Officer** or **Employee** of the **Company** in his or her capacity as such or any matter claimed against such **Director** or **Officer** or **Employee** solely by reason of his or her status as such;
>
> \* \* \*
>
> (3) with respect to Coverage B(i), by the Company.

19. "**Loss**" under the Policies is defined, in pertinent part, as:

> [D]amages, judgments (including pre-judgment and post-judgment interest on that part of any judgment paid under this (**Coverage Section)**, settlements and **Defense Costs**; however, **Loss** (other than **Defense Costs**) shall not include: (1) civil or criminal fines or penalties; (2) taxes; (3) any amount for which the **Insureds** are not financially liable or which are without legal recourse to the **Insureds;** and (4) matters which may be deemed insurable under the law pursuant to which this policy shall be construed.

20. "**Defense Costs**" are defined under the Policies as:

> [R]easonable and necessary fees, costs and expenses consented to by the **Insurer** (including premiums for any appeal bond, attachment bond, or similar bond arising out of a covered judgment, but without any obligation to apply for or furnish any such bond), resulting solely from the investigation, defense and appeal of a **Claim** against the **Insureds,** but excluding any compensation of any **Individual Insured** of the **Company. Defense Costs** shall not include any fees, costs or expenses

incurred prior to the time that a **Claim** is first made against an **Insured.**

21. A "**Claim**" is defined in the Policies to include "a written demand for monetary, non-monetary or injunctive relief (including any request to toll or waive any statute of limitations.)"

22. An "**Individual Insured**" includes a "**Director**" or "**Officer**" of S&B.

23. Mr. Swartz, as the chief executive officer of S&B, is an "**Individual Insured**" under the Policies.

## V.

## THE UNDERLYING ACTIONS

24. This case arises out of claims made against SBI by Texas limited partnerships Art Mortgage No. II, Ltd. ("Art II") and Art Mortgage No. III, Ltd. ("Art III") (jointly, the "Partnerships") based upon SBI's management of the Partnerships.

25. S&B has, and continues to serve, as the General Partner of the Partnerships.

26. At all relevant times herein, Mr. Swartz served as the chief executive officer of S&B.

27. The stated business purpose of the Partnerships was "(a) to purchase Loans at their Adjusted Cost, (b) to hold such Loans for investment and for the production of income, (c) to borrow funds in the manner set forth herein to enable the Partnership to purchase Loans and (d) to engage in or perform any and all acts or activities that are related or incident to the foregoing and that may be lawfully conducted by a partnership."

28. By letter dated November 16, 2011, counsel for the limited partners of the Partnerships sent a written letter to SBI demanding, among other things, the repayment of certain amounts that SBI is alleged to have "stolen, converted, embezzled, 'borrowed', misappropriated, or misapplied since the inception of the Partnership" (hereafter, the "Claim Letter"). Attached as Exhibit D is a true and correct copy of the Claim Letter.

29.  The Claim Letter alleged "Wrongful Acts" against SBI as defined in the D&O Coverage Sections of the Policies, because it alleged "the breach of duty, neglect, error, misstatement, misleading statement, omission or act" by S&B and Mr. Swartz solely in his capacity as an S&B officer.

30.  In response to this letter, on or around February 28, 2012, S&B filed a Petition for declaratory relief in the 162nd District Court for Dallas County, Texas, Cause No. 12-02219 (hereafter, the "S&B Declaratory Action"), seeking a judicial declaration that S&B had managed the assets of the Partnerships in a manner consistent with their rights, duties, and obligations as set forth in the various partnership agreements under which it operated as a general partner. The most recent pleading in that case is S&B's Second Amended Original Petition (filed March 29, 2012). Attached as Exhibit E is a true and correct copy of the Second Amended Original Petition in the S&B Declaratory Action.

31.  SBI is informed and believes, and thereon alleges, that on March 26, 2012, in response to the S&B Declaratory Action, the Partnerships filed a competing action in Potter County, Texas against S&B and Mr. Swartz (hereafter, the "Potter County Action"). The initial petition in the Potter County Action asserted causes of action against SBI for (1) breach of fiduciary duty and (2) civil theft. Attached as Exhibit F is a true and correct copy of the initial petition in the Potter County Action.

32.  On March 30, 2012, the Partnerships filed an amended petition in the Potter County Action, seeking accounting and injunctive relief in addition to its claims for breach of fiduciary duty and civil theft. The partnerships also sought a temporary restraining order. Attached as Exhibit G is a true and correct copy of the amended Potter County Action petition.

33.  The temporary restraining order sought in the Potter County Action was denied on the grounds that the dispute should be properly asserted in the S&B Declaratory Action in Dallas County. Attached as Exhibit H is a true and correct copy of the order denying the TRO requested by the Partnership.

34. On or around April 24, 2012, the Partnerships filed a Plea in Intervention in the S&B Declaratory Action against SBI, asserting causes of action for (1) breach of fiduciary duty; (2) civil theft; (3) accounting; and (4) injunctive relief (hereafter, the "Plea in Intervention"). Attached as Exhibit I is a true and correct copy of the Plea in Intervention.

35. The Claim Letter, the S&B Declaratory Action, the Potter County Action and the Plea in Intervention are collectively referred to as the "Underlying Claims."

36. While Mr. Swartz was not a party to the S&B Declaratory Action, the Partnerships asserted claims against both S&B and Mr. Swartz in the Claim Letter, the Potter County Action, and the Plea in Intervention.

37. S&B is currently being represented by Robert LeMay of the Dallas law firm Kane, Russell, Coleman & Logan with respect to the Underlying Actions.

38. Mr. Swartz is currently represented by Charles Frederiksen of the Dallas law firm Glast, Phillips & Murray, P.C. with respect to the Underlying Actions.

39. S&B has reimbursed, and continues to reimburse, Mr. Swartz for the defense costs he incurs in responding to Underlying Actions.

40. SBI's Defense Expenses have exceeded the $25,000 SIR under the Policy.

41. Chartis has not paid any of the Defense Expenses incurred and/or paid by S&B to defend itself and Mr. Swartz in the Underlying Claims.

## VI.

## CHARTIS FAILS TO RESPOND PROPERLY TO THE CLAIM REPORTED BY S&B

42. On or around August 12, 2010, Mr. David Moseley, counsel for Mr. Swartz, contacted Chartis to provide Notice of a Potential Claim under Section 7(c) of the 2009 Policy arising out of the management of the Partnerships by S&B and Mr. Swartz.

43. On or around August 24, 2010, Ms. Erica Weisler Schierman responded to Mr. Moseley to acknowledge that a potential claim had been reported. Ms. Schierman acknowleged the reporting of a potential claim under a reservation of rights.

44. On or around September 9, 2010, Mr. Moseley provided additional information regarding the circumstances which led Mr. Swartz and S&B to believe that a claim may be asserted.

45. Plaintiffs are informed and believe, and thereon allege, that Chartis did not respond to Mr. Moseley's September 9, 2010 letter providing supplemental information regarding the potential claim. Attached as Exhibit K is a true and correct copy of this letter.

46. On or December 19, 2011, Mr. Moseley notified Chartis that a written demand for money had been made by way of the Claim Letter and summarized the contents of the Claim Letter.

47. On January 3, 2012, Mr. Robert Aratingi, Director c-Claim, acknowledged receipt of Mr. Moseley's December 19, 2011 letter.

48. Later that day, Mr. Moseley provided an additional status update by email to Mr. Aratingi.

49. On February 29, 2012, Ms. Christine Caruso, the claims adjuster handling the matter on behalf of Chartis, emailed David Moseley with certain follow-up questions to assist her in evaluating coverage.

50. On April 6, 2012, Ms. Caruso denied coverage on the grounds that a "Claim" had not yet been made. In her denial letter, Ms. Caruso requested any additional information, documents, and pleadings be forwarded to her as soon as possible so that a coverage determination could be made.

51. By letter dated April 24, 2012, Mr. Moseley provided status update and a packet of additional information regarding the Underlying Claims.

52. On or around May 1, 2012, Mr. Moseley sent Ms. Schierman and Ms. Caruso a supplemental status report regarding the Underlying Claims. In this letter, Mr. Moseley included the following documents:

    a. The Claim Letter;

    b. A December 5, 2011 response to the Claim Letter made by Robert LeMay, counsel for S&B;

    c. The Art II Partnership Agreement;

    d. The Art III Partnership Agreement;

    e. The initial petition in the Potter County Action;

    f. The amended petition in the Potter County Action;

    g. The order denying the TRO in the Potter County Action;

    h. The S&B Declaratory Action; and

    i. The Plea in Intervention.

53. Plaintiffs are informed and believe, and thereon allege, that on or around May 3, 2012, Ms. Caruso acknowledged by email her receipt of the documents provided by Mr. Moseley. Ms. Caruso stated that she would review the attached documents that were included in the email and provide a response as soon as reasonable. Ms. Caruso also forwarded the documents to Ms. Laura Westfall Casey, another claims adjuster, so that she could respond as well.

54. At this stage, both Ms. Schierman and Ms. Caruso had sufficient information to determine whether or not the Underlying Claims were covered under the Policies.

55. At no point after May 3, 2012 did Ms. Caruso, Ms. Schierman, Ms. Casey, or any other representative of Chartis provide SBI with a coverage determination, a reservation of rights, or make any payment on behalf of SBI.

56. On or around September 13, 2012, SBI notified Chartis that it had exhausted the $25,000 SIR applicable under the Policies and requested payment for defense expenses. SBI provided Chartis with a summary sheet of its legal fees and costs, as well as copies of those invoices.

57. By September 13, 2012, Chartis had all the information necessary to affirm coverage, deny coverage, or submit a reservation of rights with respect to the payment of the legal fees and costs submitted by SBI.

58. On September 19, 2012, SBI once again followed up with Chartis seeking payment for the legal fees and costs which S&B has paid in defending itself and Mr. Swartz in the Underlying Claims.

59. SBI did not receive a response to the September 19, 2012 letter.

60. On September 19, 2012, SBI once again followed up with Chartis seeking payment for the legal fees and costs which S&B has paid in defending itself and Mr. Swartz in the Underlying Claims.

61. On or around September 26, 2012, SBI once again followed up with Chartis seeking payment for the legal fees and costs which S&B has paid in defending itself and Mr. Swartz in the Underlying Claims. SBI provided Chartis with an updated list of legal fees and costs.

62. By September 26, 2012, Chartis had all the information necessary to affirm coverage, deny coverage, or submit a reservation of rights with respect to the payment of the legal fees and costs submitted by SBI.

63. SBI has continually informed kept Chartis apprised of the status of the Underlying Claims. SBI has provided all documentation and information requested by Chartis.

64. Approximately five and a half months have passed since SBI provided Chartis with all the information it requested in response to the Underlying Claims. However, Chartis has still not affirmed coverage, denied coverage, submitted a reservation of rights, or paid S&B the amounts owed to it, despite numerous requests made by S&B.

///

///

///

## COUNT I

## DECLARATORY JUDGMENT
## (S&B DEFENSE EXPENSES)

65. SBI incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set herein.

66. Declaratory relief is available under 28 U.S.C. 2201 for cases of actual controversy relating to the legal rights and duties of the respective parties. Its purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation.

67. An actual and justiciable controversy exists between SBI and Chartis regarding Chartis' insurance obligations under the Policies.

68. The Policies provides S&B with insurance for liability for "Loss" with respect to claims first made and reported during the Policy Period for any "Wrongful Act."

69. A "Claim" was first made and reported against S&B in August 2010 when S&B provided Chartis with notice of a potential claim.

70. Alternatively, a "Claim" against S&B was first made and reported in December 2011 when Mr. Moseley provided Chartis with notice of the contents of the Claim Letter.

71. The "Claim" alleges that S&B committed Wrongful Acts against the Partnerships by breaching a fiduciary duty owed by S&B to the Partnerships and the limited partners.

72. S&B has suffered a "Loss" by incurring significant Defense Expenses in responding to the Underlying Claims.

73. On September 13, 2012 and September 26, 2012, S&B submitted the Defense Expenses incurred in defending S&B with respect to the Underlying Claims to Chartis and requested reimbursement.

74. To date, Chartis has refused to affirm or deny coverage for S&B's Loss, refused to submit a reservation of rights on the matter, and refused to pay S&B's loss.

75. SBI has substantially complied with all material and relevant conditions under the Policies.

76. SBI thus seeks under Texas' Uniform Declaratory Judgments Act, Texas Civil Practice and Remedies Code Sections 37.001 through 37.011, a judicial declaration by this Court that Chartis is obligated to pay on behalf of S&B all Loss incurred and/or paid so far in excess of S&B's SIR, and all Loss that S&B becomes obligated to pay in connection with the Underlying Claims. Such a judicial declaration is necessary and appropriate at this time under the circumstances alleged.

## COUNT II

### DECLARATORY JUDGMENT
### (INDEMNIFIED DEFENSE EXPENSES)

77. SBI incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set herein.

78. Declaratory relief is available under 28 U.S.C. 2201 for cases of actual controversy relating to the legal rights and duties of the respective parties. Its purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation.

79. An actual and justiciable controversy exists between SBI and Chartis regarding Chartis' insurance obligations under the Policy.

80. The Policy insures S&B for "Loss" with respect to Claims first made and reported during the Policy Period for any "Wrongful Act" alleged against an Individual Insured and for which S&B has indemnified the Individual Insured.

81. Mr. Swartz, as president and chief executive of S&B, is an "Individual Insured" under the Policy.

82. A "Claim" was first made and reported against S&B in August 2010 when S&B provided Chartis with notice of a potential claim.

83. Alternatively, a "Claim" against S&B was first made and reported in December 2011 when Mr. Moseley provided Chartis with notice of the contents of the Claim Letter.

84. The "Claim" alleges that Mr. Swartz committed Wrongful Acts against the Partnerships by breaching a fiduciary duty owed by him to the Partnerships and the limited partners.

85. S&B has suffered a "Loss" due to the Claim made against Mr. Swartz, as S&B has indemnified Mr. Swartz for all Defense Expenses incurred to date.

86. On September 13, 2012 and September 26, 2012, S&B submitted the Defense Expenses incurred in defending Mr. Swartz with respect to the Underlying Claims to Chartis and requested reimbursement.

87. Chartis has refused to affirm or deny coverage for S&B's Loss, refused to submit a reservation of rights on the matter, and refused to pay S&B's loss.

88. SBI has substantially complied with all material and relevant conditions under the Policies.

89. SBI thus seeks under Texas' Uniform Declaratory Judgments Act, Texas Civil Practice and Remedies Code Sections 37.001 through 37.011, a judicial declaration by this Court that Chartis is obligated to pay on behalf of S&B all Loss incurred and/or paid so far in excess of S&B's SIR, and all Loss that S&B becomes obligated to pay in connection with indemnifying Mr. Swartz for the underlying claims. Such a judicial declaration is necessary and appropriate at this time under the circumstances alleged.

## COUNT III

### DECLARATORY JUDGMENT
### (SIDE A COVERAGE)

90. SBI incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set herein.

91. Declaratory relief is available under 28 U.S.C. 2201 for cases of actual controversy relating to the legal rights and duties of the respective parties. Its purpose is to

liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation.

92.  An actual and justiciable controversy exists between SBI and Chartis regarding Chartis' insurance obligations under the Policy.

93.  The Policy insures Individual Insureds for "Loss" with respect to Claims first made and reported during the Policy Period for any "Wrongful Act" alleged against the Individual Insured in his or her capacity as a director or officer for S&B, and for which S&B has not indemnified him.

94.  Mr. Swartz, as president and chief executive of S&B, is an "Individual Insured" under the Policy.

95.  A "Claim" was first made and reported against Mr. Swartz in August 2010 when Mr. Moseley provided Chartis with notice of a potential claim.

96.  Alternatively, a "Claim" against Mr. Swartz was first made and reported in December 2011 when Mr. Moseley provided Chartis with notice of the contents of the Claim Letter.

97.  The "Claim" alleges that Mr. Swartz committed Wrongful Acts against the Partnerships by breaching a fiduciary duty owed by him to the Partnerships and the limited partners.

98.  In the event that S&B cannot, or does not, indemnify Mr. Swartz, Mr. Swartz will suffer a "Loss" due to the Claim made against him.

99.  Chartis has refused to affirm or deny coverage for Mr. Swartz arising under the Policy with respect to the Underlying Claims.

100.  SBI has substantially complied with all material and relevant conditions under the Policies.

101.  SBI thus seeks under Texas' Uniform Declaratory Judgments Act, Texas Civil Practice and Remedies Code Sections 37.001 through 37.011, a judicial declaration by this Court

that Chartis is obligated to pay on behalf of S&B all Loss incurred and/or paid so far in excess of S&B's SIR, and all Loss that S&B becomes obligated to pay in connection with indemnifying Mr. Swartz for the underlying claims. Such a judicial declaration is necessary and appropriate at this time under the circumstances alleged.

## COUNT IV

### UNFAIR SETTLEMENT PRACTICES (FAILURE TO AFFIRM, DENY, OR RESERVE RIGHTS WITHIN A REASONABLE TIME FRAME)

102. SBI incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set herein.

103. Under V.T.C.A. Insurance Code section 541.060, failing to affirm coverage, deny coverage, or submit a reservation of rights to a policyholder within a reasonable time is an unfair settlement practice which constitutes an unfair or deceptive act or practice in the business of insurance.

104. By letter dated May 1, 2012, SBI provided Chartis with all the information necessary to affirm coverage, deny coverage, or submit a reservation of rights to a policyholder with respect to the Underlying Claims.

105. Since that time, five and a half months have passed and Chartis has not affirmed coverage, denied coverage, or submitted a reservation of rights to SBI.

106. Chartis' failure to affirm coverage, deny coverage, or submit a reservation of rights to SBI despite having five and a half months to investigate the claim is unreasonable.

107. Under the Policies, Chartis is obligated to pay S&B for the legal fees and costs incurred and paid by S&B on behalf of SBI in relation to the Underlying Claims.

108. Chartis committed this unfair or deceptive act or practice in the business of insurance knowingly, because SBI has repeatedly notified Chartis about its Loss and the Underlying Claims, and yet Chartis nevertheless has refused to affirm coverage, deny coverage, or submit a reservation of rights on the matter.

109. S&B has been damaged by Chartis' unfair and deceptive acts and practices. By refusing to issue a coverage determination, Chartis has unfairly and improperly shifted the financial burden in defending the Claim to SBI. SBI has also been damaged because SBI has been forced to incur court costs and attorney's fees in bringing this action against Chartis.

110. Chartis is liable to S&B for all Defense Expenses that S&B has or may become legally obligated to pay in connection with the Underlying Claims, costs and reasonable attorneys' fees, and treble damages.

## COUNT V

### VIOLATION OF TEXAS INSURANCE CODE SECTION 542.056 (FAILURE TO ACCEPT OR REJECT COVERAGE WITHIN 15 DAYS)

111. SBI incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set herein.

112. Under V.T.C.A., Insurance Code section 542.056, Chartis was obligated to notify S&B in writing of the acceptance or rejection of coverage no later than 15 business days after it received the items required by the insurer to make a coverage determination.

113. S&B provided Chartis with all the items required to make a coverage determination by letter on May 1, 2012.

114. On September 13, 2012, S&B provided Chartis with copies of the legal fees and costs incurred and paid by S&B on behalf of SBI in responding to the Underlying Claims.

115. Under the Policies, Chartis is obligated to pay S&B for the legal fees and costs incurred and paid by S&B on behalf of SBI in relation to the Underlying Claims.

116. To date, Chartis has still not accepted or rejected S&B's claim. Over 15 business days have passed since Chartis had all the information necessary to pay SBI's Defense Expenses.

117. At no point has Chartis asked for additional time, or articulated any reasons why it would need additional time, to accept or reject coverage for S&B's claim.

118. Chartis is liable to S&B for all Defense Expenses that S&B has or may become legally obligated to pay in connection with the Underlying Claims, interest on the amount of the loss at the rate of 18 percent a year as damages, together with reasonable attorneys' fees.

## COUNT VI
## VIOLATION OF BUSINESS AND COMMERCE CODE SECTION 17.50 (DECEPTIVE TRADE PRACTICES ACT)

119. SBI incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set herein.

120. Under V.T.C.A. Business and Commerce Code section 17.50(a)(4), a consumer may maintain an action when the use or employment by any person of an act in violation of Chapter 541 of the Insurance Code causes economic damages or mental anguish

121. S&B is a "consumer" within the meaning of V.T.C.A. Business and Commerce Code section 17.50(a)(4).

122. Chartis has violated V.T.C.A. Insurance Code section 541.060 by failing to affirm coverage, deny coverage, or submit a reservation of rights to a policyholder within a reasonable time.

123. Chartis violated V.T.C.A. Insurance Code section 541.060 knowingly, because SBI has repeatedly notified Chartis about its Loss and the Underlying Claims, and yet Chartis nevertheless has refused to affirm coverage, deny coverage, or submit a reservation of rights on the matter.

124. SBI has been damaged by Chartis' failure to affirm coverage, deny coverage, or issue a reservation of rights. By refusing to issue a coverage determination, Chartis has unfairly and improperly shifted the financial burden in defending the Claim to SBI. SBI has also been damaged because SBI has been forced to incur court costs and attorney's fees in bringing this action against Chartis.

///
///

## COUNT VII
## (BREACH OF CONTRACT)

125. SBI incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set herein.

126. The Policies provides SBI with insurance for liability for "Loss" with respect to claims first made and reported during the Policy Period for any "Wrongful Act."

127. A "Claim" was first made and reported against SBI in August 2010 when S&B provided Chartis with notice of a potential claim.

128. Alternatively, a "Claim" against SBI was first made and reported in December 2011 when Mr. Moseley provided Chartis with notice of the contents of the Claim Letter.

129. The "Claim" alleges that SBI committed Wrongful Acts against the Partnerships by breaching a fiduciary duty owed by SBI to the Partnerships and the limited partners.

130. S&B has suffered a "Loss" by incurring significant Defense Expenses in responding to the Underlying Claims on behalf of itself and Mr. Swartz.

131. On September 13, 2012 and September 26, 2012, S&B submitted the Defense Expenses incurred in defending S&B with respect to the Underlying Claims to Chartis and requested reimbursement.

132. SBI has substantially complied with all material and relevant conditions under the Policies.

133. Chartis' failure to timely affirm coverage under the Policies with respect to the Underlying Claims constitutes a breach of the Policies.

134. Chartis' failure to timely pay S&B for the Defense Expenses it has incurred and paid in defending itself and Mr. Swartz against the Underlying Claims constitutes a breach of the Policies.

135. As a direct result of Chartis' breach of the Policies, SBI has been damaged, and continues to be damaged, by, among other things, suffering the unreimbursed loss described herein.

## JURY DEMAND

Plaintiff SBI demands a trial by jury.

## REQUESTS FOR RELIEF

WHEREFORE, SBI respectfully requests judgment as follows:

A. With respect to Count I, Plaintiffs seek a judicial declaration that, pursuant to the terms of the Policies, Chartis is obligated to pay S&B for all expenses it has incurred in defending itself against the Underlying Claims.

B. With respect to Count II, Plaintiffs seek a judicial declaration that, pursuant to the terms of the Policies, Chartis is obligated to pay S&B for all expenses it has incurred in defending Mr. Swartz, or any other Individual Insureds, against the Underlying Claims.

C. With respect to Count III, Plaintiffs seek a judicial declaration that, pursuant to the terms of the Policies, Chartis is obligated to pay Mr. Swartz expenses he incurred in defending against the Underlying Claims which is not indemnified by S&B.

D. With respect to Count IV, an award of damages against Chartis in an amount established by the evidence, together with pre-judgment and post-judgment interest; and an award of treble damages against Chartis.

E. With respect to Count V, an award of damages against Chartis in an amount established by the evidence, together with interest on the amount of the claim at 18 percent a year, and reasonable attorneys' fees.

F. With respect to Count VI, an award of damages against Chartis in an amount established by the evidence, together with pre-judgment and post-judgment interest, reasonable attorneys' fees, and an award of treble damages.

G. With respect to Count VII, an award of damages against Chartis in an amount established by the evidence, together with pre-judgment and post-judgment interest

Plaintiff S&B also requests ancillary relief as follows:

19

(i)  For such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

(ii) For such other relief as this Court deems just and proper.

Dated: October 17, 2012

Respectfully Submitted,

_____
Charles C. Frederiksen,. No. 07413300
GLAST, PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
Phone: (972) 419-7184
Fax: (972) 419-8329
cfrederiksen@gpm-law.com

David P. Bender, Jr. (*pro hac vice* pending)
Michael J. Stoner (*pro hac vice* pending)
ANDERSON KILL WOOD & BENDER, P.C.
864 E. Santa Clara Street
Ventura, CA 93001
Phone: (805) 288-1300
Fax: (805) 288-1301
dbender@andersonkill.com
mstoner@andersonkill.com